COPPER CANYON LAW
*43 East 1st Ave*
*Mesa, Arizona 85210*
*Office: (480) 833-3838*
*Fax: (480) 833-3838*
*www.coppercanyonlaw.com*
Timothy F. Coons (031208)
Timothy@coppercanyonlaw.com
Spencer M. Coons (032874)
Spencer@coppercanyonlaw.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Dustin Hesche an individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>NXP USA, Inc., a Texas corporation; and ENTITIES I-IX,<br><br>　　　　　Defendant. | Case No.<br><br>**COMPLAINT** |

Plaintiff Dustin Hesche ("Dustin") by and through undersigned counsel, hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Dustin is an individual residing in Maricopa County, Arizona.

2. NXP USA, Inc. ("NXP") is foreign corporation, incorporated in Texas, with facilities in Arizona that establish a permanent and pervasive contacts in the State of Arizona.

3. All acts hereinafter alleged were to be substantially performed, and completed in the county of Maricopa, State of Arizona.

4. This Court has Subject Matter Jurisdiction as Plaintiff's claims arise under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 20 C.F.R 1002 et. seq.

5. This Court is the appropriate Venue for this action.

**GENERAL ALLEGATIONS**

6. Dustin was employed by NXP (and its predecessors) starting in June 1997.

7. As a member of the United States Army Reserves, Dustin was placed on active duty in 2014.

8. Dustin undertook efforts to keep NXP informed of his military duty status.

9. During his active duty, Dustin suffered an injury to his hand which required extensive and continuing treatment.

10. Dustin was honorably discharged from active duty on August 11, 2017.

11. Upon his discharge, Dustin sought reemployment with NXP.

12. NXP told Dustin that in order to return he would need to be cleared at 100% capacity.

13. Requiring an employee to "be cleared at 100% capacity" is a violation of USERRA.

14. Requiring an employee to "be cleared at 100% capacity" is a violation of the Americans With Disabilities Act.

15. NXP also stated that it did not have any light duty work that Dustin could perform despite offering other individuals light duty opportunities.

16. Rather than attempting to find a reasonable accommodation for Dustin in his former position or another position that he could perform, NXP put Dustin on an approved leave of absence as of November 1, 2017.

17. Due to complications with Dustin's active duty injuries, Dustin was not, and to this day is not yet, returned to 100% physical capacity.

18. On March 22, 2018, Dustin visited the VA's Hand and Plastic Clinic and received a letter updating his status stating a continued medical restriction, but that surgery was scheduled, and post-ops would be scheduled thereafter.

19. Nothing in this letter update stated that Dustin was unable to work only that he was still subject to restrictions.

20. Upon information and belief, NXP received this document.

21. Five days after receiving this letter, NXP terminated Dustin's employment stating that he had exhausted his leave allowances under NXP procedures and that it was NXP's understanding that Dustin would be unable to return to work now or at a specified date in the near future.

22. NXP misstated this position since neither Dustin nor his healthcare provider ever said he was "unable to return to work".

23. To the contrary, he was able to return to work, just that he was subject to medical restrictions.

24. Nevertheless, NXP refused to allow Dustin to return to work due to his service-related disability.

25. NXP failed to engage in the interactive process.

26. NXP refused to evaluate or offer reasonable accommodations to Dustin.

27. NXP refused to evaluate or offer light duty work to Dustin.

28. NXP failed to evaluate or offer Dustin an "escalator position" as required by the law.

29. NXP failed to evaluate Dustin for or offer Dustin a position that was the nearest approximation to the equivalent position, consistent with the circumstances of the employee's case, in terms of seniority, status, and pay.

## COUNT ONE

### VIOLATIONS OF USERRA 20 C.F.R 1002 et. seq.

29. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

30. Plaintiff qualified for the protections afforded in USERRA.

31. NXP is subject to USERRA.

32. NXP had the obligation to enter into the interactive process to determine if Dustin could perform the essential functions of his job with a reasonable accommodation.

33. If Dustin was not able to perform the essential functions of his job with reasonable accommodations, NXP had the obligation to evaluate the jobs he would be able to perform and place him in the most similar position he could perform.

34. NXP failed to assess what accommodations could be offered or what positions Dustin would qualify for.

35. Dustin would have been able to perform light duty work.

36. NXP had offered light duty work to other employees.

4

37. NXP failed to offer Dustin a reasonable accommodation that it provided to other employees.

38. NXP failed to properly engage with Dustin and determine what jobs he was eligible for as required by USERRA.

39. NXP's conduct violated multiple provisions of USERRA

40. NXP's conduct demonstrates a willful violation of USERRA.

41. As a result of NXP'S actions, Dustin has suffered damages and is entitled to reinstatement and relief in an amount to be determined at trial.

## COUNT TWO

### RETALIATION – USERRA 20 C.F.R 1002 et. seq.

42. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

43. Upon notifying NXP of his return and reinstatement rights and request, NXP began a practice of retaliating against Dustin.

44. Defendant explicitly retaliated against Dustin by refusing to reemploy him, refusing to evaluate him for other positions, refusing to provide reasonable accommodations, placing him on leave and terminating him on the basis of the disability he sustained while in military service.

45. As a result of NXP's actions, Dustin has suffered damages and is entitled to relief in an amount to be determined at trial.

//

//

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant NXP as follows:

A. For NXP to properly fulfill its obligation and place Dustin in an appropriate position.

B. For compensatory damages regarding lost wages or benefits Dustin has failed to receive.

C. Liquidated damages for NXP's willful violation of the law.

D. For interest at the highest rate allowed by law from the earliest time permitted by law until the judgment is paid in full;

E. For prejudgment and post-judgment interest in the highest amount allowed by law;

F. For such other and further relief as may be just and proper in law and equity.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that upon trial of this action, all issues be submitted to and determined by a jury except those issues expressly reserved by law for determination by the Court

RESPECTFULLY SUBMITTED this 26th day of September, 2019.

**COPPER CANYON LAW, LLC**

/s/ *[signature]*

Timothy F. Coons
Spencer M. Coons
43 East 1st Avenue
Mesa, AZ 85210
*Attorney for Plaintiff*